Opinion issued June 8, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00557-CR




DAMIEN JERMAINE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 975664




O P I N I O NA jury found appellant, Damien Jermaine Williams, guilty of the felony offense
of aggravated robbery and the trial court assessed punishment at confinement for 25
years. Appellant timely filed this appeal. Appellant presents for review three points
of error, contending that (1) the trial court abused its discretion in denying his oral
motion for continuance; (2) the evidence is legally insufficient; and (3) the evidence
is factually insufficient. For the reasons that follow, we affirm.BACKGROUND
          In the early morning hours of January 26, 2004, complainant, Deo Sullivan,
pulled into a gas station and began filling up the red Jaguar he was driving. The
Jaguar was owned by complainant’s long-time friend and neighbor, Richard Sears. 
Before complainant finished filling up, a white Lincoln Town Car pulled into the
service station. Two men got out of the Lincoln and began walking toward the
service station; complainant looked away for a moment to see what the driver of the
Lincoln was doing because he felt “something wasn’t right.” Before complainant had
a chance to look back, the two men who had earlier emerged from the Lincoln were
“right up on [him].” They brandished their handguns at complainant. He then hid on
the other side of the gas pump, and they got into the Jaguar and drove off. 
          The next day, complainant and Sears were notified by the Houston Police
Department that the vehicle had been recovered and was in a tow yard. However, the
Jaguar had been “stripped”—it had damage to the paint job, the backseat was missing,
the dashboard was torn to pieces, and the Brabus Monoblock “rims” (expensive and
flashy hub-caps) were missing. The day after that, Anthony Coleman, a friend of
complainant who owns a detail shop that deals in, among other automobile
accessories, rims, called complainant and told him a person was in his shop and trying
to sell him Brabus Monoblock rims. Coleman told complainant he thought they
might belong to Sears’s Jaguar. Complainant drove over to the detail shop and
observed the white Lincoln parked outside. Appellant was inside the store. A fight
broke out between complainant and appellant; the complainant won, and he forcibly
detained appellant until the police arrived. Four Brabus Monoblock rims and an anti-skid control box that had been removed from the red Jaguar were later found in the
white Lincoln.
Oral Motion for Continuance
          In his first point of error, appellant contends that trial court abused its
discretion by denying his oral motion for continuance in violation of his Fourteenth
Amendment right to due process. The State, citing to Dewberry v. State and the
Texas Code of Criminal Procedure, argues that “[a] motion for continuance not in
writing and not sworn preserves nothing for review.” Dewberry v. State, 4 S.W.3d
735, 755 (Tex. Crim. App. 1999); Tex. Code Crim. Proc. Ann art. 29.03 (Vernon
2005) (“a criminal action may be continued on the written motion of the State or the
defendant, upon sufficient cause shown”). However, Dewberry, in a footnote, states, 
Appellant urges this Court to conclude that all of his motions for
continuance preserved the issues which they raised. In order to do this,
he requests this Court exercise its “equitable powers.” Because
appellant fails to cite any authority for this request, and we are not aware
of any such authority, we refuse to do so.

4 S.W.3d at 756 n. 22. Appellant urges this Court to do the same—analyze his point
of error under our “equitable powers.” However, unlike the appellant in Dewberry,
he cites case law: a Dallas Court of Appeals case, a case from this district, two
Beaumont Court of Appeals cases, and a sixty-year-old Court of Criminal Appeals
case. See Darty v. State, 149 S.W.2d 256, 257 (Tex. Crim. App. 1946) (holding that
oral motion for postponement of trial which was not reduced to writing and sworn to
was not a statutory motion and was therefore addressed only to the equitable powers
of the court); Deaton v. State, 948 S.W.2d 371, 374 (Tex. App.—Beaumont 1997, no
pet.); Petrick v. State, 832 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1992,
pet. ref’d); O’Rarden v. State, 777 S.W.2d 455, 459 (Tex. App.—Dallas 1989, pet.
ref’d) (op. on reh’g); Daigle v. State, 658 S.W.2d 774, 775 (Tex. App.—Beaumont 
1983, no pet.).
           Assuming there is an equitable power imbued in Texas Courts, we are not
convinced that under the facts in this case appellant’s due process rights under the
State and federal constitutions were violated. Appellant presented the alibi witness
testimony of three family members; each testified that appellant was with them at a
family function during the time of the aggravated robbery. Appellant then attempted
to call his girlfriend to testify. She was not present, and a bailiff for the court drove
to the address where she reportedly lived. He could not locate her. Appellant’s
subsequent oral motion for continuance was denied. There is no reason to believe
that the alibi testimony of a girlfriend, coming after the alibi testimony of three family
members, would have been so convincing to the jury that the preclusion of the
girlfriend’s testimony violated appellant’s constitutional rights.
          Accordingly, we overrule appellant’s first point of error.
Legal Insufficiency
          Appellant’s second point or error is that the evidence is legally insufficient to
prove (1) he was the person who committed the offense because of the deficiency of
the in-court identification and (2) that property was taken in the course of committing
the theft.
          The standard for reviewing the legal sufficiency of the evidence is whether,
after reviewing the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).
          At trial, the prosecutor, after complainant identified the man with the “white
T-shirt” on as the man who robbed him, did not ask the court to let the record reflect
that complainant had identified the defendant. The record reflects that appellant was
the only person on trial in this case. At no time did appellant object or notify the trial
court that complainant had identified someone else in a white t-shirt. Indeed, two
other witnesses identified appellant on the record as the “young man with the white,
long-sleeved T-shirt” and the “gentlemen to my left in the white shirt, long-sleeved
shirt.” 
          “If it be appellant’s contention that another person, and not he, was identified
by the State’s witnesses, and he does not so claim in his brief, instead only
contending that the record is silent as to who robbed complainant, we believe it was
incumbent upon him, by objection to the identification procedure employed . . . which
would reflect any possible confusion or misidentification in the in-court identification
process to preserve the issue by making same part of the record.” Rohlfing v. State, 
612 S.W.2d 598, 601 (Tex. Crim. App. 1981) (holding that evidence was sufficient
where appellant claimed improper identification because prosecutor neglected to use
preferred practice of “let the record reflect . . .” to show defendant had been
identified). Here, appellant did not object. Therefore, we reject his argument that the
evidence is legally insufficient to show that he was person who committed the crime.
          Appellant also contends that the evidence is legally insufficient to prove that
any property was taken in the course of committing the robbery. See Tex. Pen. Code
Ann. § 29.02–03 (Vernon 2005) (stating that one of elements of an aggravated
robbery offense is having an “intent to obtain or maintain control of property). 
Specifically, appellant argues that there was no evidence to show that Sears was the
owner of the red Jaguar or that he gave his consent to anyone to use the car. This is
plainly wrong. Complainant testified that the car was Sears’s and that he had
permission to use it. “As fact finder, the jury is entitled to judge the credibility of
witnesses, and can choose to believe all, some, or none of the testimony presented by
the parties.” Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The
jury, in convicting appellant of the offense, necessarily believed complainant. The
evidence is such that a rational jury could have found beyond a reasonable doubt that
property was taken during the course of the robbery. Therefore, we reject appellant’s
argument.
          We overrule appellant’s second point of error.
Factual Insufficiency
          Appellant’s third point of error is that the evidence was factually insufficient
to prove (1) that he was the person who committed the offense charged and (2) that
generally the evidence was factually insufficient.


 
          “There is only one question to be answered in a factual-sufficiency review: 
Considering all of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt?” Zuniga v. State, 144 S.W.3d 477, 484-85
(Tex. Crim. App. 2004). “[W]e view all of the evidence in a neutral light, and we will
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.” Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004) (citing Zuniga, 144 S.W.3d at 484-85).
          To reiterate, the record reflects that appellant was the only person on trial in
this case. At no time did appellant object or notify the trial court that complainant
had identified someone else in a white t-shirt. Indeed, two other witnesses identified
appellant on the record as the “young man with the white, long-sleeved T-shirt” and
the “gentlemen to my left in the white shirt, long-sleeved shirt.” Given this, our
conclusion does not differ from that found above: we reject appellant’s argument that 
the evidence was factually insufficient to prove that he committed the crime based on
complainant’s in-court identification.
          Appellant’s final argument is that, given all the evidence adduced at trial, the
jury was not rationally justified in finding him guilty beyond a reasonable doubt. 
Appellant’s contentions are based on what evidence was not introduced at trial: there
was no DNA evidence; there was no fingerprint evidence; there were no other
witnesses to the robbery; there was no line-up performed; and it was dark at the time
of the robbery, therefore complainant could not have gotten a good look.
          However, the factual sufficiency analysis is concerned with what evidence was
adduced at trial: complainant made an in-court identification of appellant and he
testified that he was able to get a good look at the gunman (appellant); the white
Lincoln that appellant pulled up in was later discovered to hold numerous pieces from
the red Jaguar; and appellant was found attempting to pawn an expensive set of
Brabus Monoblock rims—the same type of rims stripped from the red Jaguar. This
evidence is not “ so weak that the verdict is clearly wrong and manifestly unjust, or
the contrary evidence is so strong that the standard of proof beyond a reasonable
doubt could not have been met.” Escamilla, 143 S.W.3d at 817. We reject appellant’s
argument, and accordingly overrule his third point or error.
                     CONCLUSION 
          We affirm the judgment of the trial court in all respects.
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.

Publish. Tex. R. App. P. 47.2(b).