Paul Dewey DAIGLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 006 CR.

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, Stephen Rienstra, Sp. Prosecutor, Port Arthur, for appellee.

OPINION

BROOKSHIRE, Justice.

Paul Dewey Daigle, Appellant, asserts his constitutional rights were violated by a trial on and proof of an offense that occurred on October 5, 1980, when the indictment alleges it transpired *"on or about August 26, 1980"*.

He also complains that the State, in his trial for aggravated robbery, failed, because of insufficient evidence, to show the lack of consent on the part of the complainant named in the indictment.

We disagree with his contentions and affirm.

Appellant was found guilty by jury of aggravated robbery and, after proof of eight (8) admitted and stipulated prior felony convictions, the jury assessed punishment at confinement in the Texas Department of Corrections for a term of ninety-nine (99) years. Judgment was entered in accordance with the jury's verdict.

On jury voir dire the special prosecutor said he expected the evidence to show that the robbery in question occurred, at about 10:35 P.M., October 5, 1980, at the Parkdale Cinema in Beaumont. At this, defense counsel objected and claimed surprise because the indictment alleged the offense occurred "on or about August 26, 1980". The defense then orally moved for continuance. This was overruled. No written, sworn motion was filed. The trial last two (2) days.

█ It is well established that where a motion for continuance is not in writing, signed and sworn to by the movant, it is not error to overrule such motion. *Tex.Code Crim.Proc.Ann. art. 29.03* (Vernon Supp. 1982–1983); *Benoit v. State,* 561 S.W.2d 810, 817 (Tex.Cr.App.1977). It has sometimes been said that the foregoing rule is legal in nature and other such motions may be made under the court's "equitable powers", but in such instance the trial court's action is reviewable only for abuse of discretion. See *Darty v. State,* 149 Tex.Cr.R. 256, 193 S.W.2d 195 (1946). In applying the so-called "equitable powers" approach, we do not see any abuse of discretion in the trial court overruling the oral continuance motion.

█ When it comes to the issue concerning proof that the offense happened on one date while the indictment alleged the offense occurred on another date, the law is now clear that the State is not bound by the "on or about" averments in the indictment. Under such circumstances, the conviction may be sustained upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitation. *Ex Parte Hyett,* 610 S.W.2d 787 (Tex.Cr.App.1981); *Swabado v. State,* 597 S.W.2d 361, 363 (Tex.Cr.App. 1980). See *Ex Parte McFarland,* 632 S.W.2d 621 (Tex.Cr.App.1982), "on or about" an impossible date (April 31) does not render an indictment fundamentally defective.

As stated above, the Appellant's Motion for Continuance was never reduced to writing pursuant to *Tex.Code Crim.Proc.Ann. art. 29.03* (Vernon Supp.1982–1983). Also, the continuance motion was not verified by, or sworn to by, any person or party having any personal knowledge of the purported grounds or basis of the motion for continuance as required by *Tex.Code Crim.Proc. Ann. art. 29.08* (Vernon Supp.1982–1983). The Appellant's counsel, in broad and general terms, urged surprise but gave no specific reason or explanation to the trial judge in support of his oral request for continuance. In fact, the Appellant's counsel did not advise the trial judge as to how long a period of time would be necessary for the "surprise" to be overcome.

█ Appellant asserts that the failure of the trial court to grant the motion for continuance thereby denied him due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States of America and Article I, Section 10, Constitution of the State of Texas. Under this record we hold that the indictment in this case was in plain and intelligible words with such a certainty so that the accused would know what he would be called upon to defend against and also to enable him to plead the judgment in bar of any later or future prosecution for the same offense. *Voelkel v. State,* 501 S.W.2d 313 (Tex.Cr.App.1973); *Moore v. State,* 473 S.W.2d 523 (Tex.Cr.App.1971). Under this record we hold that the Appellant was not denied due process of law as

guaranteed by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States of America; and we further hold that Article I, Section 10, of the Constitution of the State of Texas has not been violated. Grounds of Error Nos. 1 and 2 are overruled.

■ Finally, we hold the evidence was sufficient to show lack of consent on the part of the complainant named in the aggravated robbery indictment even though the complainant, Warren Britt Edwards, did not testify at the trial.

The State, through the testimony of Robert Hobbs, Witness Coordinator of the Jefferson County Criminal Courts, showed that a good faith effort had been made to locate Edwards, formerly Manager of the Parkdale Cinema, for purposes of trial testimony. Hobbs said he determined the missing witness no longer resided in the Beaumont area. Beth Norwood, the cinema cashier, testified that a strange individual, identified by her at the trial as the Appellant, came into the theatre after the doors were locked. She said the Appellant had an almost ghost-like complexion apparently from a light makeup base; that he wore hair spray or even a wig, sunglasses and a bandage covering his right arm. She said the robber produced a gun and pointed it at several employees. She said the robber ordered Mr. Edwards to open the safe. Once the safe was opened, the robber then took out white bags and, after taking all of them out, handed Scott Apple, a cinema employee, some white tape and ordered Apple to tie up and gag Mrs. Norwood and another employee, James Reeves. Once the two were tied, the robber then ordered Apple and Edwards to go upstairs and lock themselves in the cinema office. Mrs. Norwood said she also heard the robber demand money from Mr. Edwards personally and Mr. Edwards said "yes" and took out his wallet.

The projectionist, Gregory Allen LeBlanc, said he saw a man wearing sunglasses and makeup enter the cinema at about 10:30 P.M. on the night in question. LeBlanc identified Appellant as this person. LeBlanc then went in to watch a movie and approximately ten (10) minutes later he was informed a robbery had taken place. He said he saw the manager, Edwards, and Edwards seemed "pretty upset".

We agree with the State that the fact Appellant was dressed in disguise strongly indicates he was not at the cinema simply to borrow money or receive a gift from a friend. Here, the evidence, direct and circumstantial, supports the fact that the person who had care, custody and control of the money and property parted with the same because of an assault, fear and violence. *Reese v. State,* 531 S.W.2d 638 (Tex. Cr.App.1976).

AFFIRMED.