In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00192-CR
______________________________


LEMARKOUS DEMOND BUTLER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30280-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            LeMarkous DeMond Butler was convicted of aggravated sexual assault in a trial before the
court.


 The trial court sentenced Butler to sixty years' confinement. Butler brings two issues on
appeal:
            (A)      Granting of the State's motion for continuance. We find the trial court did not abuse
its discretion in granting the motion.
            (B)      Exclusion of testimony. We find this issue is not preserved for our consideration.
FACTUAL AND PROCEDURAL HISTORY
            On May 27, 2002, Butler met Jacquelyn Mitchell when the two were shopping at a grocery
store in Longview, Texas. According to Mitchell, Butler convinced her that he knew some of her
family, and they made plans to go to the lake later that afternoon with her friend and his wife. Butler
picked up Mitchell to go get her friend. Mitchell became confused and frightened when Butler drove
in the wrong direction and took her to a secluded spot outside of town. Mitchell stated Butler
threatened to shoot her with a nine millimeter handgun if she did not have sex with him. Although
Mitchell did not see the gun, Butler told her he had one, and his actions and gestures indicated to
Mitchell that he did. She submitted to the sexual assault, and, afterward, Mitchell lost control of her
bladder. Butler left in the truck. Mitchell ran to the nearby road to summon help. 
            Brenda Maines and her husband stopped at Mitchell's request, observing that she was crying
hysterically and appeared frightened. She told the Maineses she had been raped. The Maineses
called the White Oak Police Department and waited with Mitchell until an officer arrived. Mitchell
then gave the officer a detailed description of the day's events and took him to the location of the
assault, where the officer noted the area on the ground where Mitchell had urinated. 
            DNA taken from Mitchell matched that of Butler. The State also presented evidence of
Butler's assault of a young girl, similar in many ways to this assault, which Butler denies. Butler
testified that he was happily married but had hired Mitchell to have sex with him. He then took her
to purchase crack cocaine with the twenty-five dollars he paid her. He testified that he did not rape
Mitchell, that the intercourse was consensual. 
ANALYSIS
A.        Granting of State's Request for Continuance
            Butler contends that the trial court erred in granting a continuance requested by the State
when the complainant failed to appear at trial and that the subsequent delay prejudiced Butler. His
contention encompasses two arguments: (1) that the State did not provide an adequate reason for
the delay and (2) that the State did not timely file a written motion for continuance. 
            Butler's bench trial began August 14, 2003. After receiving testimony from eight witnesses,
the trial court continued the matter until August 25, 2003, apparently due to scheduling conflicts. 
Mitchell was present and waiting to testify August 14, but did not appear August 25. On August 25,
the State presented evidence from one witness, Dr. Brian Mendenhall, who examined Mitchell after
the assault. The State explained the efforts it had made to contact Mitchell and requested that the
court allow more time in order to locate her. The trial court reset the matter for nine days later,
September 5, 2003. Mitchell testified at the September 5 proceedings.



            1.         Preservation of Error
            Although defense counsel opposed the delay, he did not specifically object to the form or the
substance of the State's request for continuance. He argued he had the right to confront the witness
and moved for a directed verdict:
Judge, my client has a right to confront an alleged victim. She certainly is
aware of this case and when to be here and where to be, and with the gravity of these
allegations, I think we have no choice other than to ask for a directed verdict at this
time of not guilty.

In considering the State's request and addressing the State's attorney, the trial court indicated that it
understood defense counsel's objection: "[T]his man is on trial, and he's entitled to have this matter
resolved." After the trial court impliedly granted the State motion by referring to its calendar for a
new date, defense counsel asked for a specific date for the trial to continue and made no further
objection. 
            To preserve an issue for appeal, an appellant must make a timely, specific objection to
apprise the trial court of the grounds on which the party opposes the motion. Tex. R. App. P. 33.1. 
However, such specificity is not required when the grounds for the objection are apparent from the
context. Id. Here, the trial court was apparently aware that the defense objected to the granting of
the delay, citing Butler's right to resolve the case. We conclude trial counsel preserved for our
review the issue regarding the substance of the trial court's decision to grant the State's motion.
            The complaint on appeal must comport with the objection lodged at the trial court level.
Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003). Therefore, as to his complaint
regarding the failure of the State to file a written motion, he failed to preserve error since no mention
of the form of the motion was made at trial. As we will discuss, however, even if Butler had
preserved this particular issue for review, we would have concluded that the oral nature of the State's
motion is not a ground for sustaining Butler's contention. 
            2.         Statutory v. Equitable Motions for Continuance
            A criminal action may be continued on the written motion of the State or of the defendant,
on sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may
be only for as long as is necessary. Tex. Code Crim. Proc. Ann. art 29.03 (Vernon 1989). 
Additionally, all motions for continuance must be sworn to by personal knowledge of the facts relied
on for the continuance. Tex. Code Crim. Proc. Ann. art 29.08 (Vernon 1989).
            The "idea of an 'equitable approach' or seeking an 'equitable' rather than a 'statutory'
continuance has never been expressly rejected by the Court of Criminal Appeals." White v. State,
982 S.W.2d 642, 647 (Tex. App.—Texarkana 1998, pet. ref'd) (quoting Deaton v. State, 948 S.W.2d
371, 374 (Tex. App.—Beaumont 1997, no pet.). These equitable motions are actually motions for
delay or for a recess, rather than traditional motions for continuance. White, 982 S.W.2d at 647. 
Professors Dix and Dawson explain the development of this equitable motion for continuance:
Independent of Chapter 29 of the Code of Criminal Procedure, a body of case law has
developed to the effect that trial judges have discretion to grant "recesses" during
trial. These situations generally involve oral motions for delay. Therefore, they are
beyond the scope of Chapter 29 of the Code of Criminal Procedure and invoke the
equitable powers of the court.
42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure
§ 28.76 (2001). These equitable motions for continuance typically allow a party a short delay to
secure a witness.


 White, 982 S.W.2d at 647. The trial court should consider the following factors
presented with such a motion: the diligence in interviewing and procuring the witness' presence; the
probability of procuring the testimony within a reasonable time; the specificity of the witness'
expected testimony; the degree the testimony is expected to be favorable to the accused; and the
unique or cumulative nature of the witness' testimony in relation to the requirements of Tex. Code
Crim. Proc. Ann. art. 29.13. Id. 
            3.         Standard of Review
            The trial court's ruling on an equitable motion for continuance or delay is reviewed for an
abuse of discretion. Deaton, 948 S.W.2d at 375. More specifically, the granting of a State's motion
for continuance due to the absence of a critical witness rests within the discretion of the trial court. 
Ashabranner v. State, 557 S.W.2d 774, 778 (Tex. Crim App. 1977), overruled on other grounds,
Sneed v. State, 670 S.W.2d 262 (Tex. Crim. App. 1984) (jury misconduct issues), and Munroe v.
State, 637 S.W.2d 475 (Tex. Crim. App. 1982) (same).
            4.         Granting of State's Motion Was Not an Abuse of Discretion
            The State presented to the trial court the efforts made in contacting Mitchell. The State
contacted Mitchell's community supervision officer, who was also unable to contact Mitchell by
telephone. The community supervision officer left a note at Mitchell's home to contact her. The
State also sought the help of the Women's Center. A staff member from the Women's Center
attempted to contact Mitchell as well through its information, but was unable to do so. The State
described Mitchell's previous participation in the case. Mitchell had remained for several hours
waiting to testify August 14 and had been in consistent contact with both the assistant district
attorney and her community supervision officer until this point. The State did not indicate when it
might be able to secure Mitchell's presence, but expressed a likelihood of getting in touch with her. 
Considering Mitchell's previous willingness to testify and her consistent communication with the
State, the trial court could reasonably conclude the State would be able to procure Mitchell's
testimony within a reasonable time. Further, Mitchell was the complainant in the case against Butler
and, as such, would offer vital, specific, and unique testimony in the State's case. The trial court
acted within its discretion when it granted the State's equitable motion for delay.
B.        Exclusion of Testimony
            Butler also argues that the trial court erred in sustaining the State's hearsay objections when
he attempted to testify regarding statements Mitchell made to him. On appeal, he contends the
statements are outside the definition of hearsay since they constitute verbal acts. See Tex. R. Evid.
801(d); Norton v. State, 564 S.W.2d 714, 717 (Tex. Crim. App. [Panel Op.] 1978). While Butler
argues on appeal that the excluded testimony would have been nonhearsay, no such argument was
made before the trial court. In fact, the trial court prompted Butler to offer an exception to hearsay,
to which the court received no response. Neither did Butler make a formal offer of proof concerning
this proposed evidence. In order for a complaint concerning the exclusion of evidence to be
considered by an appellate court, the record must show that the substance of the evidence was made
known to the court by offer, or was apparent from the context of the questions asked. Tex. R. Evid.
103(a)(2). Absent such a showing or an offer of a statement concerning what the excluded evidence
would have shown, nothing is preserved for review. Stewart v. State, 686 S.W.2d 118, 122 (Tex.
Crim App. 1984); Hambrick v. State, 11 S.W.3d 241, 243 (Tex. App.—Texarkana 1999, no pet.).
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          July 14, 2004
Date Decided:             July 28, 2004

Do Not Publish