**Opinion filed February 19, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00216-CR

———————

## ANTHONY ROACH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 284th District Court**

**Montgomery County, Texas**

**Trial Court Cause No. 06-04-03792-CR**

## M E M O R A N D U M   O P I N I O N

The jury convicted Anthony Roach of three counts of aggravated robbery and assessed punishment for each count at confinement for thirty years – to run concurrently. We affirm.

Appellant presents two points of error for review. In the first point, he contends that the trial court erred in denying a motion for a two-day continuance. In the second point, appellant argues that the trial court erred in refusing to charge the jury on the lesser included offense of robbery.

With respect to the first point, appellant contends that his right to due process was violated by the trial court's denial of appellant's motion for continuance. Appellant requested a continuance

in order to allow time for the execution of a bench warrant for a potential witness who claimed to have information favorable to appellant. The record shows, however, that appellant's motion for continuance was made orally. Oral motions for continuance preserve nothing for review; to be preserved for appeal, a motion for continuance must be in writing and sworn to. TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (Vernon 2006); *Dewberry v. State*, 4 S.W.3d 735, 754-55 (Tex. Crim. App. 1999); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995).[1] Because appellant's motion for continuance was neither in writing nor sworn to, appellant did not preserve the issue for review. *Dewberry*, 4 S.W.3d at 755. Moreover, appellant's motion for continuance did not comply with TEX. CODE CRIM. PROC. ANN. art. 29.06 (Vernon 2006). Appellant's first point of error is overruled.

In the second point, appellant asserts that he was entitled to an instruction on the lesser included offense of robbery. A charge on a lesser included offense is required if (1) the lesser included offense is included within the proof necessary to establish the offense charged and (2) there is some evidence that would permit a rational jury to find that, if the accused is guilty, he is guilty of only the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). In this case, appellant requested a charge on robbery. The first prong of the test is met because robbery is a lesser included offense of aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02-.03 (Vernon 2003). The issue then is whether the record contains evidence satisfying the second prong of the test.

The record shows that an assailant robbed a Luby's cafeteria at gunpoint. Three employees were present during the armed robbery – hence the three counts against appellant. The assailant stole approximately $7,000 and a vehicle belonging to one of the employees, threatened the employees, pointed a gun at the employees, and physically assaulted one of the employees. Appellant confessed his involvement in the offense: planning and setting up the offense, which was actually carried out

---

[1]We note that appellant relies upon cases wherein the denial of an oral motion for continuance was addressed using an equitable approach under the guise of due process. *See, e.g., Deaton v. State*, 948 S.W.2d 371 (Tex. App.—Beaumont 1997, no pet.). We note that the cases cited by appellant were decided prior to *Dewberry*, wherein the Court of Criminal Appeals rejected a request to apply "equitable powers" and determined that an oral motion for continuance preserved nothing for review – including a due process challenge. 4 S.W.3d at 754-56, 756 n.22.

by another individual for whom appellant was criminally responsible as a party.[2] In his confession, appellant stated that he knew his accomplice had a gun when he robbed Luby's. Appellant subsequently recanted, claiming that his confession was not true, that he had lied, and that he had nothing to do with the Luby's robbery. Appellant testified at trial and denied any involvement in the offense. A defendant's own testimony that he committed no offense is not adequate to raise the issue of a lesser included offense. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). Appellant points to no evidence in the record showing that he is guilty only of the offense of robbery. Furthermore, we can find no evidence in the record that appellant was guilty but that he was guilty only of the lesser offense of robbery. Consequently, the trial court in this case did not err in failing to instruct the jury on the lesser included offense of robbery. *See Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


February 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]The jury was charged on the law of parties.