Opinion filed February 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00216-CR

                                                    __________

 

                                      ANTHONY ROACH, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 284th District Court

 

                                                    Montgomery
County, Texas

 

                                          Trial
Court Cause No. 06-04-03792-CR

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Anthony Roach of three counts of aggravated robbery and assessed
punishment for each count at confinement for thirty years B to run concurrently.  We
affirm.  

Appellant
presents two points of error for review.  In the first point, he contends that
the trial court erred in denying a motion for a two-day continuance.  In the
second point, appellant argues that the trial court erred in refusing to charge
the jury on the lesser included offense of robbery. 








With
respect to the first point, appellant contends that his right to due process was
violated by the trial court=s
denial of appellant=s
motion for continuance.  Appellant requested a continuance in order to allow
time for the execution of a bench warrant for a potential witness who claimed
to have information favorable to appellant.  The record shows, however, that
appellant=s motion for
continuance was made orally.  Oral motions for continuance preserve nothing for
review; to be preserved for appeal, a motion for continuance must be in writing
and sworn to.  Tex. Code Crim. Proc.
Ann. arts. 29.03, 29.08 (Vernon 2006); Dewberry v. State, 4
S.W.3d 735, 754-55 (Tex. Crim. App. 1999); Matamoros v. State, 901
S.W.2d 470, 478 (Tex. Crim. App. 1995).[1]  Because
appellant=s motion for
continuance was neither in writing nor sworn to, appellant did not preserve the
issue for review.  Dewberry, 4 S.W.3d at 755.  Moreover, appellant=s motion for continuance
did not comply with Tex. Code Crim.
Proc. Ann. art. 29.06 (Vernon 2006).  Appellant=s first point of error is overruled.  

In
the second point, appellant asserts that he was entitled to an instruction on
the lesser included offense of robbery.  A charge on a lesser included offense
is required if (1) the lesser included offense is included within the proof necessary
to establish the offense charged and (2) there is some evidence that would
permit a rational jury to find that, if the accused is guilty, he is guilty of
only the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672-73
(Tex. Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446 (Tex.
Crim. App. 1981); see Tex. Code
Crim. Proc. Ann. art. 37.09 (Vernon 2006).  In this case, appellant
requested a charge on robbery.  The first prong of the test is met because
robbery is a lesser included offense of aggravated robbery.  See Tex. Penal Code Ann. '' 29.02-.03 (Vernon 2003). 
The issue then is whether the record contains evidence satisfying the second
prong of the test.  








The
record shows that an assailant robbed a Luby=s
cafeteria at gunpoint.  Three employees were present during the armed robbery B hence the three counts
against appellant.  The assailant stole approximately $7,000 and a vehicle
belonging to one of the employees, threatened the employees, pointed a gun at
the employees, and physically assaulted one of the employees.  Appellant
confessed his involvement in the offense:  planning and setting up the offense,
which was actually carried out by another individual for whom appellant was
criminally responsible as a party.[2]  In his
confession, appellant stated that he knew his accomplice had a gun when he
robbed Luby=s. 
Appellant subsequently recanted, claiming that his confession was not true,
that he had lied, and that he had nothing to do with the Luby=s robbery.  Appellant
testified at trial and denied any involvement in the offense.  A defendant=s own testimony that he
committed no offense is not adequate to raise the issue of a lesser included
offense.  Lofton v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). 
Appellant points to no evidence in the record showing that he is guilty only of
the offense of robbery.  Furthermore, we can find no evidence in the record
that appellant was guilty but that he was guilty only of the lesser offense of
robbery.  Consequently, the trial court in this case did not err in failing to
instruct the jury on the lesser included offense of robbery.  See Bignall v.
State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).  Appellant=s second point of error is
overruled.  

The
judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

February 19,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and
Strange, J. 









[1]We note that appellant relies upon cases wherein the
denial of an oral motion for continuance was addressed using an equitable
approach under the guise of due process.  See, e.g., Deaton v. State,
948 S.W.2d 371 (Tex. App.CBeaumont 1997, no pet.).  We note that the cases cited
by appellant were decided prior to Dewberry, wherein the Court of
Criminal Appeals rejected a request to apply Aequitable
powers@ and determined that an oral motion for continuance
preserved nothing for review B including a due
process challenge.  4 S.W.3d at 754-56, 756 n.22. 





[2]The jury was charged on the law of parties.