In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00084-CR
_____

### COURTNEY LANE BAILEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 09-07800**

### MEMORANDUM OPINION

Courtney Lane Bailey appeals from a jury conviction for second-degree aggravated assault. *See* Tex. Penal Code Ann. § 22.02(a)(1) (West 2011). The jury assessed punishment at confinement for 20 years. On appeal, Bailey contends the trial court committed reversible error in denying his motion for continuance. We overrule Bailey's sole issue and affirm.

During the testimony of a witness, the trial judge interrupted her testimony and directed his bailiff to have two men in the gallery removed from the courtroom. The trial judge instructed the two men to "step outside" and not to come back in the courtroom.

1

After the State rested, and just prior to the defense calling his first witness, the following exchange occurred between Bailey's trial counsel and the trial court:

> [DEFENSE COUNSEL]:   Judge, while we are waiting on her, one of our witnesses snuck in. You asked them to leave earlier, and he left.
>
> THE COURT: Which one was that?
>
> [DEFENSE COUNSEL]: His name's Ali, the one that was on the scene. He actually left and went back home.
>
> THE COURT: Okay.

Bailey's counsel then proceeded with examining his first witness.  When this witness had finished testifying and had been dismissed, the trial court asked defense counsel who his next witness would be.  The following discussion ensued:

> [DEFENSE COUNSEL]: Judge, I'd call Ali Walker. He's the gentleman that was asked to leave earlier, but he's -- he was going to be a rebuttal witness, but I was informed he went home -- caught a ride home.
>
> THE COURT:  Could you call the name of Ali Walker, please.
>
> (BAILIFF'S CALL)
>
> THE BAILIFF: No response, Your Honor.
>
> THE COURT: Okay. Call your next witness.
>
> [DEFENSE COUNSEL]: Your Honor, I have no more witnesses. I'd ask for a continuance until the morning to get Mr. Walker here. He is in Port Arthur. He does not have a car of his own. He needs a ride. He would be an essential witness as he was an eyewitness and he was recovered there, also.
>
> THE COURT: It's denied.
>
> [DEFENSE COUNSEL]: Yes, sir. We rest, Your Honor.

2

After the jury exited the courtroom, the judge explained his reasoning for ordering the two men out of the courtroom:

> [T]he two witnesses continued to glare at Ms. Ellison. Whatever she would say, they would openly display their disagreement. They were turning around talking in the courtroom. I continued to make eye contact, would shake my head, "please don't." Long story short, that's why I had them removed. So, I didn't tell them to go home. I simply said go out of the courtroom and don't come back in.

Both parties presented their closing arguments. Thereafter, the jury returned a verdict of guilty.

A motion for continuance must be made by sworn, written motion to preserve appellate review from a trial court's denial of a motion for a continuance. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *see also* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (West 2006). A person having personal knowledge of the facts relied on for the continuance must swear to the motion. Tex. Code Crim. Proc. Ann. art. 29.08. "Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Anderson*, 301 S.W.3d at 279. A trial court may grant a continuance after the trial has begun when the court is satisfied "that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." Tex. Code Crim. Proc. Ann. art. 29.13 (West 2006). We review a trial court's denial of a motion for continuance for an abuse of discretion. *Vasquez v.*

*State*, 67 S.W.3d 229, 240-41 (Tex. Crim. App. 2002). For an appellant to show that the trial court abused its discretion in refusing to grant a continuance, the appellant must show that he was prejudiced by the denial of his motion. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006).

Bailey's motion does not meet the statutory requirements. Bailey does not dispute that his motion for continuance was not in writing and was not sworn, as required by statute. *See* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08. Bailey contends that "[i]t appears that a written [m]otion could not be prepared when the event in question occurred during trial." However, Bailey fails to explain why a written motion was not possible. Bailey further contends that he did not make a statutory motion for continuance, but rather an equitable motion for continuance. Bailey argues that the trial court's decision violated his due process rights and seeks to have this Court review the trial court's ruling on his oral motion based on such grounds.

Bailey cites to one Court of Criminal Appeals case in support of his position, *Darty v. State*, 193 S.W.2d 195 (Tex. Crim. App. 1946). In *Darty*, the Court held that defendant's oral motion for a continuance to allow time to inspect stolen property, was not a statutory motion, but a motion that was "addressed only to the equitable powers of the court." *Id.* at 195. However in *Dewberry*, the Court of Criminal Appeals rejected a request to apply "equitable powers" and determined that an oral motion for continuance preserved nothing for review, including a due process challenge. *See Dewberry*, 4 S.W.3d at 754-56, 756 n.22. The Court later considered the *Anderson* case, and while the Court did not

4

expressly address *Darty*, or the equitable powers of the trial court, the Court of Criminal Appeals concluded that if a motion for continuance is made orally or is unsworn, then the defendant "forfeits" his appellate challenge to the trial court's ruling. *Anderson*, 301 S.W.3d at 280. The Court held that the lower court erred in concluding there was a due process exception to the statutory preservation requirements in articles 29.03 and 29.08. *Id.* at 280-81. The Court explained that the right to a complete defense is rooted in the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process and Confrontation Clauses, all of which deal with the rights of the litigants that are implemented upon request and are subject to procedural default and therefore forfeitable. *Id.* at 279-80.

Bailey also cites to four cases from the courts of appeals in support of his position, including two opinions from this Court. *See Deaton v. State*, 948 S.W.2d 371, 374-77 (Tex. App.—Beaumont 1997, no writ) (denial of trial court's oral motion for continuance resulted in appellant being unable to call his expert witness, so the appellate court addressed the case under equitable principles); *Petrick v. State*, 832 S.W.2d 767, 770-71 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (concluding that denial of a motion for continuance resulted in appellant being unable to put on alibi defense, which amounted to a denial of due process and subjected the case to appellate review); *O'Rarden v. State*, 777 S.W.2d 455, 459-60 (Tex. App.—Dallas 1989, pet. ref'd) (concluding case subject to appellate review when refusal to continue the case denied appellant the ability to prepare defense after the State disclosed previously suppressed exculpatory evidence and

amounted to a denial of due process); *Daigle v. State*, 658 S.W.2d 774 (Tex. App.—Beaumont 1983, no pet.) (applying the "equitable powers" approach from *Darty* to review a denial of an oral motion for continuance). The cases cited by Bailey were all decided prior to *Dewberry* and *Anderson*. Additionally, the cases that have found an equitable exception to the rule that motions for continuances be written and sworn, contradict the plain language of the Code, which requires written and sworn motions for continuance. *See* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08; *see also Woodall v. State*, 77 S.W.3d 388, 401 (Tex. App.—Fort Worth 2002, pet. ref'd). We decline to recognize an equitable exception to the rule and hold that an unwritten, unsworn motion for continuance preserves nothing for review. Having found Bailey's unsworn oral request for a continuance did not preserve appellate review of the trial court's denial of his motion, we overrule Bailey's only issue and affirm the judgment. *See Anderson*, 301 S.W.3d at 278-81; *Dewberry*, 4 S.W.3d at 754-56.

　　　　AFFIRMED.


　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　CHARLES KREGER
　　　　　　　　　　　　　　　　　　　　　　　　　Justice

Submitted on August 20, 2012
Opinion Delivered September 12, 2012
Do not publish

Before Gaultney, Kreger, and Horton, JJ.