

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00905-CR

Cesar Daniel **RODRIGUEZ-CRUZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 527406
Honorable Scott Roberts, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 28, 2019

REVERSED AND REMANDED

After a jury trial, Cesar Daniel Rodriguez-Cruz was found guilty of driving while intoxicated and was sentenced to one year in jail and a fine of $600.00. His sentence was then suspended, and he was placed on probation for one year. On appeal, Rodriguez-Cruz argues that the trial court erred (1) in denying his motion for continuance; (2) in denying his motion to suppress based on the length of detention; and (3) in allowing the DWI officer to testify about horizontal gaze nystagmus. Because we conclude the trial court erred in denying Rodriguez-Cruz's motion for continuance, we reverse the trial court's judgment and remand the cause for a new trial.

## BACKGROUND

At about 9:00 p.m. on the evening of September 25, 2016, Rodriguez-Cruz was driving his motorcycle in the rain when he turned into a gas station; his motorcycle slid and fell over, hitting the side of a parked pick-up truck. Because Rodriguez-Cruz's insurance papers were at his home a few blocks away, he and the owner of the pick-up truck relocated to Rodriguez-Cruz's home. At 9:17 p.m., Officer Chase Meneley arrived at Rodriguez-Cruz's home to investigate the accident. At 9:38 p.m., Officer Meneley completed his investigation of the accident and called for a DWI officer to have Rodriguez-Cruz evaluated for DWI. At 10:19 p.m., Officer Kenneth Williams, an officer with the DWI Task Force, arrived to evaluate Rodriguez-Cruz for DWI. He performed three field sobriety tests and determined that Rodriguez-Cruz was intoxicated by alcohol. He arrested Rodriguez-Cruz and took him to the magistrate's office. At 11:00 p.m., Rodriguez-Cruz submitted to a breath test; the results showed an alcohol concentration of .192 and .197, which was more than twice the legal limit. After a jury trial, Rodriguez-Cruz was found guilty of driving while intoxicated. He now appeals.

## MOTION FOR CONTINUANCE

In his first issue, Rodriguez-Cruz argues the trial court erred in denying a motion for continuance he made during trial. Article 29.13 of the Texas Code of Criminal Procedure governs a continuance requested after trial has begun:

> A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

TEX. CODE CRIM. PROC. ANN. art. 29.13. The court of criminal appeals has explained that when a defendant's motion for continuance is based on an absent witness, he must show that (1) he "has exercised diligence to procure the witness's attendance"; (2) the witness was "not absent by the

procurement or consent of the defense"; (3) the motion was "not made for delay"; and (4) the facts expected to be proved by the witness "are material." *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005). "We review a trial court's denial of a mid-trial continuance on an abuse of discretion standard." *Medina v. State*, No. AP-76,036, 2011 WL 378785, at *16 (Tex. Crim. App. 2011) (citing *Vasquez v. State*, 67 S.W.3d 229, 240-41 (Tex. Crim. App. 2002)); *see also Harrison*, 187 S.W.3d at 434.

The appellate record reflects that on the third day of trial (Thursday, July 19, 2018), the State moved to continue the trial because Officer Williams, the officer who performed the field sobriety tests, was sick in the emergency room and was unable to testify. Defense counsel objected, explaining that the defense's expert witness, Matthew Malhiott, was on a plane and was arriving in San Antonio that day to testify. The trial court granted the State's motion and ordered the trial to continue the next day (Friday, July 20, 2018).

The next day, the State called two witness to testify: Officer Williams and Debra Stephens, a forensic scientist in charge of the breath-alcohol testing program in Bexar County. Officer Williams testified that he had performed field-sobriety tests on Rodriguez-Cruz and those tests indicated Rodriguez-Cruz was intoxicated. He then arrested Rodriguez-Cruz and drove him to the magistrate's office where Rodriguez-Cruz submitted to a breath test. After the State's direct examination of Officer Williams, the trial court recessed for lunch. When trial resumed, the defense cross-examined Officer Williams. After Officer Williams left the witness stand, the State called Stephens, who testified the results of Rodriguez-Cruz's breath test were .192 and .197, which was "more than twice the legal limit." She then testified about alcohol absorption and elimination rates of the human body. She testified that in her opinion, Rodriguez-Cruz was intoxicated at the time he was driving. The State then rested its case.

The clerk's record reflects that at 3:33 p.m. on that Friday, Rodriguez-Cruz filed a sworn motion for continuance.[1] The reporter's record reflects that after the State rested, defense counsel moved for a continuance, explaining that the defense's expert witness would not be able to testify that day and asked the trial court to continue trial until Monday. Defense counsel argued his expert witness was unavailable due to the trial court's granting of the State's motion for continuance the day before. The trial court denied Rodriguez-Cruz's motion:

Court: I'm going to deny the motion, and I'm going to make a point on the record that I offered you the opportunity to take the witness out of order yesterday, but you refused to do that, so—

Defense: Just the fact that we refused to do that, it shouldn't affect my client's rights in terms of the procedure [of] allowing him to testify to something that hasn't been admitted. He has no duty or fair opportunity to fight that case without his expert based on . . . simply on an issue that the State requested a continuance.

Court: Your expert was present yesterday and we were ready to go and he could have come, and . . . there is no reason that he couldn't have been taken out of order. I don't know of any testimony that couldn't have been given at that time. . . .

Defense: I heard the Court indicate[] that we had the opportunity to bring our witness out of order; however, Judge, there's absolutely no way that we could effectively ask this individual, an expert, to testify when we haven't heard what the State was offering with respect to their expert. It wouldn't make much sense for us to have him testify when we can't foresee or tell what they're going to testify to. And so the expert testifying yesterday would not have provided [Rodriguez-Cruz with] a fair trial because we haven't heard testimony from their expert. And so it wouldn't put [Rodriguez-Cruz] in a situation where he has a fair trial . . . and where we can actually effectively advocate for his defense in the case.

---

[1] The verified and written motion stated that trial was set for Tuesday, July 17, 2018, and that the State moved for a continuance on Thursday, July 19, 2018. According to the motion, the defense's expert witness was unavailable to testify "on this date and time" of Friday, July 20, 2019, but was available to testify on Monday, July 23, 2019. The motion then requested the trial court grant a continuance of the trial, explaining that denial of the request would "result in denial of a fair trial, effective assistance of counsel, due process, due course of law, and equal protection under the law in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution" and the Texas Constitution.

Court: Okay. Your objection is noted. And the Court will deny the motion for continuance. Are you going to present any testimony? We can be off the record now. This is just scheduling.

(Off-the-record discussion)

Defense: Yes. The motion for continuance, Judge, was filed –

Court: Okay.

Defense: --in this case, and just with a request again, Judge, that we made earlier that it's our position that – that by not allowing [Rodriguez-Cruz] to have an expert, it's affecting his due process rights, his right to a fair trial. And it's through no fault of [Rodriguez-Cruz] that the expert isn't available. To be honest, we also believe it's shifting the burden to the defense to have to bring their expert in before any expert testimony was presented from the State. And we believe it's affecting his substantial rights, your honor. And – and *specifically, we will make a bill as to what our expert would testify to, again, the inaccuracy of the machine, the –what his actual alcohol concentration should have been or could have been*. Those are things that the jury will not be able to hear based on the fact that his expert can't come in and testify for him under *Acme* as well as entitled to experts, but essentially, again, affecting his substantial rights. [Rodriguez-Cruz] is, in our position, not being afforded a right to a fair trial.

Court: Counsel, response?

State: Your Honor, defense counsel's expert was here yesterday. The State asked for a continuation of this trial as a result of an issue with an officer to next week. Defense counsel objected. Defense counsel said that they needed to go on this trial now. He objected to our request for a continuance. When our request for a continuance to today was granted and he said that his expert would not be available today, we offered him the opportunity to have his expert testify out of order. We offered him the opportunity to continue yesterday. Defense counsel declined that offer. He's now asking for a continuance to next week, which is the exact issue that he objected to yesterday here in front of this Court. Therefore, we would ask that you deny defense counsel's motion for continuance.

Court: Okay.

Defense: Judge, I would just like to address some of those statements, Judge.

Court: Yes.

Defense: It wasn't that the defense objected to the continuance. Yesterday when the expert was here, we made it clear to the Court that the defense expert had a

subpoena for Friday. So we asked for us to go forward and to move forward on the case yesterday. As far as the defense objecting to a continuance to next week, it was our understanding that the State wanted the continuance to Thursday of next week, which we would not be available because we would be out of town—I would be out of town. So I'm not sure if there was some misunderstanding with what our objection is with respect to moving the trial because the expert was here. He was anticipated to testify yesterday with respect to moving forward and completing the case yesterday after the State would go on their case. And I believe under [article] 36.01, Judge, in the orders of proceedings and trial, I believe [article 36.01] addresses some of the issues as well with respect to [] testimony that's offered from the State's experts. That would be something that would be addressed. And I believe there's some—

Court: The Court—the Court will note that I never heard anything about Thursday. My recollection is they asked to move it to Tuesday–

State: Correct.

Court: –probably knowing that I have mental health court on Monday. And Monday is an absolute impossibility for me. They asked to move it to Tuesday. My recollection is you objected, "They've already had two continuances," etc. I said–then so I denied their motion for continuance. Then they asked, "Well, give us—we ask for a continuance for one day." I granted that continuance for one day. At that time then you told me, "My expert is here and ready to go, [and] he cannot be here tomorrow because he's under subpoena." So those are the facts as the Court remembers them. Based upon that, I'm going to deny the defendant's motion for continuance.

(emphasis added).

After Rodriguez-Cruz was convicted, he filed a motion for new trial, again arguing that the trial court's denial of his motion for continuance deprived him of his right to a fair trial, due process, and due course of law under the federal and Texas Constitutions because it left him "without an expert witness to testify on his behalf and use for proper cross-examination of the State's expert." Rodriguez-Cruz also filed an affidavit by his expert, Matthew Malhiott. In the affidavit, Malhiott affirmed that on Thursday, July 19, 2018, he flew to San Antonio and appeared at the courthouse to testify in this case. He was then informed by defense counsel that the trial court had granted the State's motion for continuance. Malhiott affirmed that he was not able to

testify on Friday, July 20, 2018. He then affirmed what his testimony would have included. First,

his testimony

> would have included that the breathalyzer assumes a specific blood to breath ratio. This is commonly referenced as the partition ratio of 2100:1. Unlike the State's expert [who] testified that this is not important, I would have testified that understanding this principle and the ranges for the ratio are critical to an accurate breath test reading. The results could vary significantly if the Defendant had a different partition ratio than the average. It is impossible to determine what partition ratio Mr. Rodriguez-Cruz has and this could influence the results. The judge in this case did not allow [defense counsel] to discuss this with the State's expert but a scientific explanation of this principle would have assisted the jury in understanding the inherent mistakes a reading can possess in overestimating a breath test result. This would have countered the State's testimony.

Second, he

> would have testified that there is no way of knowing what [Rodriguez-Cruz]'s blood alcohol concentration was at the time [Rodriguez-Cruz] was driving because we didn't have enough details to make that determination. It is my understating that the State's expert testified that [Rodriguez-Cruz's] alcohol concentration was over the legal limit at the time of driving. This is not a scientifically valid opinion without additional details which the expert did not possess.

On appeal, Rodriguez-Cruz argues he has shown the testimony his expert would have given

was material to his defense and he was prejudiced as a result of the trial court's denial of his motion

for continuance. In response, the State argues that he has failed to preserve error for appellate

review. We disagree. At the time the State moved for a continuance, Rodriguez-Cruz objected and

explained his expert was flying in from out-of-town and would not be available the next day due

to a subpoena in another case. Rodriguez-Cruz then immediately filed a written and sworn motion

for continuance, which again made the trial court aware of the reasons why his expert witness was

unavailable. Rodriguez-Cruz also made an offer of proof of what the expert's testimony would

have addressed. After his conviction, he filed a motion for new trial and an affidavit from the

expert affirming what his testimony would have included. *See Gonzales v. State*, 304 S.W.3d 838,

842-43 (Tex. Crim. App. 2010) (explaining that the showing of prejudice resulting from a trial

court's denial of a motion for continuance can ordinarily be made only in a motion for new trial when a defendant can produce evidence or witnesses that would have been available if the motion for continuance would have been granted). The record reflects the trial court was fully aware of the circumstances surrounding the request for a continuance. We hold that Rodriguez-Cruz preserved error for appeal. *See Harrison*, 187 S.W.3d at 433-35.

With regard to the merits, the record shows that Rodriguez-Cruz exercised diligence to procure his expert witness's attendance. His witness, Malhiott, was present on the day he was due to testify at trial. *See Harrison*, 187 S.W.3d at 434. It was only when the trial court unexpectedly granted the State's motion for continuance and thereby continued the trial to Friday that Malhiott was unable to testify due to a subpoena in another case. *See id*. Although the trial court stated on the record that it would have allowed Rodriguez-Cruz to call his expert out of order, we agree with Rodriguez-Cruz that such an option was unreasonable as the purpose of Malhiott's testimony was to rebut testimony given by the State's expert witnesses. *See id.* Moreover, the record is clear that Rodriguez-Cruz's motion for continuance was "not made for delay" but was instead made to allow his expert to testify at trial. *See id*. Finally, the record shows that Malhiott's testimony was "material," as it would have related to the reliability of both the results of the intoxilyzer machine and the extrapolation evidence given by the State's expert. *See id*. The record further shows that Rodriguez-Cruz was prejudiced as a result of the trial court's denial of the motion for continuance as Malhiott's testimony would have been favorable and was essential to the defense. Further, Malhiott's testimony would not have been cumulative of other testimony given. We therefore hold the trial court abused its discretion in denying Rodriguez-Cruz's motion for continuance. *See Deaton v. State*, 948 S.W.2d 371, 376-77 (Tex. App.—Beaumont 1997, no pet.) (holding trial court's denial of motion for continuance to locate defense's expert witness, who had checked in but was unable to be located during a fifteen-minute recess, was an abuse of discretion); *Petrick v.*

*State*, 832 S.W.2d 767, 771 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (holding trial court abused its discretion in denying motion for continuance and thereby denying appellant the opportunity to put on an alibi defense).[2]

## CONCLUSION

Having held that the trial court abused its discretion in denying Rodriguez-Cruz's motion for continuance, we need not reach his remaining two issues. We reverse the judgment of the trial court and remand the cause for a new trial.

Liza A. Rodriguez, Justice

PUBLISH

---

[2] Both *Deaton* and *Petrick* involved oral motions for continuance where the courts of appeals concluded oral motions amounting to a denial of due process were subject to review. *See Deaton*, 948 S.W.2d at 376-77; *Petrick*, 832 S.W.2d at 770-71. Although *Deaton* and *Petrick* have not been specifically overruled, the law is now clear that a motion for continuance must be in writing and an oral motion does not preserve the matter for appellate review. *See Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). Nonetheless, the analyses presented in *Petrick* and *Deaton* regarding why the trial courts abused their discretion in denying the motions for continuance remain good law.