**John Melvin HAMBRICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–98–00046–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 27, 1999.

Decided Oct. 28, 1999.

Mark W. Breding, Breding & Rigano, Tyler, for appellant.

Marcus D. Taylor, Wood County Dist. Atty., Henry Whitley, Special Asst. Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

John Hambrick appeals from his conviction on his plea of guilty for the offense of evading arrest and, in so doing, causing serious bodily injury to a peace officer who was attempting to arrest him. His conviction was enhanced by two prior felony convictions, and he was sentenced to forty years' imprisonment. Hambrick pleaded guilty without a plea bargain. The trial court, however, followed an unusual mode of operation. Hambrick went to the court for sentencing with the understanding that, if he did not agree to accept the court's determination, he could withdraw his pleas of guilty and true and go to the jury for both guilt and punishment. The trial court informed Hambrick of its decision, and gave Hambrick a day's recess to discuss the sentence with his attorney and decide whether to accept or reject the court's sentencing determination. After the recess, Hambrick stated that he wished to accept the sentence and, at that time, the trial court pronounced his sentence.

Hambrick restricts his contention on appeal to alleged error at the punishment phase of trial and seeks remand for a new punishment hearing. He contends that the court erred by refusing to permit him to introduce evidence about the circumstances surrounding a prior conviction for aggravated assault on a peace officer. When Hambrick's counsel questioned him about who was present during that offense, the State objected on the basis that the answer would not be relevant. After the court questioned counsel about his purpose for going behind the incident, counsel explained that he wanted to "further explain the crime or the circumstances involved during the conviction." The court then sustained the objection, but did not sustain the objection based upon the relevance objection. In sustaining the objection the trial judge stated that, "If it's a conviction, Counsel, I'm just going to take it as a

conviction. I'm not allowing you to go behind it."

■ In reaching this decision, the trial court erred. Texas Code of Criminal Procedure Article 37.07, Section 3(a) specifically states that

> evidence may be offered by the state **and the defendant** as to **any matter** the court deems relevant to sentencing, including **but not limited to** the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, ... any other evidence of an extraneous crime or bad act. . . .

Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.1999) (Emphasis added.). The Court of Criminal Appeals has described this article as permitting the underlying facts of an offense to be introduced during the penalty phase of a subsequent offense. *Davis v. State*, 968 S.W.2d 368, 373 (Tex.Crim.App.1998). In other words, if the State sought to go behind the conviction with details about the prior offense, the evidence is admissible. It is only fair that details about the prior offense should also be admissible when offered by the defendant. Thus the trial court erred by sustaining the objection on the grounds stated.

■ The remaining question is whether harm resulting from the error has been shown. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997). Under the new Rules of Appellate Procedure, we are to disregard errors, defects, irregularities, or variances that do not affect substantial rights of the accused. Tex.R.App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the

jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex.Crim.App.1997).

■ In the present case, however, we cannot engage in a harm review because we do not know the nature of the excluded evidence and because counsel did not attempt to perfect a bill of exception or make an offer of proof of the excluded evidence. When evidence is excluded, the right to make an offer of proof or perfect a bill of exceptions is absolute. *Spence v. State*, 758 S.W.2d 597, 599 (Tex.Crim.App. 1988).[1]

In this case, the record is devoid of any reference to what, if anything, appellant would have testified. In the absence of such information, any claim of error is not preserved for appellate review. *Warner v. State*, 969 S.W.2d 1, 2 (Tex.Crim.App. 1998); *Greenwood v. State*, 948 S.W.2d 542, 549 (Tex.App.-Fort Worth 1997, no pet.); *see* Tex.R. Evid. 103(a)(2) ("Error may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected, and .... the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.").

The judgment is affirmed.

---

1. To preserve the error for appeal, the party offering the excluded evidence may make an offer of proof in the form of a concise statement, or in question and answer form. Tex.R. Evid. 103(b). If the party requests permission to make a bill of exceptions, the trial court is required to direct the making of the offer of proof in question and answer form. Tex.R. Evid. 103(b); *Kipp v. State*, 876 S.W.2d 330, 334 (Tex.Crim.App.1994); *Callahan v. State*, 937 S.W.2d 553, 557 (Tex.App.-Texarkana 1996, no pet.).