11th Court of Appeals

 Eastland, Texas

            Opinion

 

Tommy Earl Brown

Appellant

Vs.       Nos. 11-01-00009-CR & 11-01-00010-CR --
Appeals from Dallas County

State of Texas

Appellee

 

In Cause
No. 11-01-00009-CR, the jury convicted appellant of robbery, found the
enhancement paragraphs to be true, and assessed his punishment at 60 years
confinement.  In Cause No.  11-01-00010-CR, the jury convicted appellant
of forgery, found the enhancement paragraphs to be true, and assessed his
punishment at 5 years confinement.  We
affirm.

There is
no challenge to the sufficiency of the evidence.  The victim testified that on August 2, 2000, she was walking to
the house where she worked as a baby-sitter when someone driving by in a pickup
stopped and asked her a question.  The
victim stated that she kept walking but that she felt something and turned
around.  When she turned around,
appellant was running toward her.  The
victim started running and screaming for help; and then appellant pushed her
from behind, knocking her to the ground. 
The victim testified that she hit her head on the ground and that she Asaw darkness and stars.@  
Appellant then took her purse and drove off in the pickup.  The victim stated that she had a paycheck in
her purse from Lynn Carroll.   Later
that day, appellant was arrested in a grocery store when he tried to cash the
check made payable to the victim from Carroll.   Appellant had marked through the victim=s name and had written his own name as the
payee.   

In his
sole point of error in each appeal, appellant argues that the trial court erred
in allowing testimony at the punishment phase of trial of the details of one of
appellant=s prior convictions that was used for
enhancement purposes. Each indictment included two enhancement paragraphs.  The first enhancement paragraph alleged that
appellant had previously committed the offense of robbery, and the second
alleged that appellant had previously committed the offense of attempted
burglary of a building.  In each cause
number, appellant pleaded not true to both enhancement paragraphs.








Elsie
Roberta Berry testified at the punishment phase of trial that on July 25, 1989,
she stopped for gas on her way home from work. 
She paid for her gas and then put five dollars that she received in
change in her purse.  While she was
pumping her gas, she had her purse in her left hand resting on the trunk of her
car.  Her purse was snatched out of her
hand; and, as she turned around, she saw someone getting into a car with her
purse.   Berry stated that she reached
into the driver=s side window to retrieve her purse and that
the driver knocked her to the ground. 
The driver then ran over her leg with the car.  Berry testified that she developed a Amassive infection@ in her leg that required two surgeries.   Berry identified appellant as the person
who took her purse and ran over her with the car.  Appellant was detained at the scene until the police arrived. 

TEX. CODE
CRIM. PRO. ANN. art. 37.07, ' 3(a) (Vernon Supp. 2002) provides in part:

[E]vidence may be offered by the state and
the defendant as to any matter the court deems relevant to sentencing,
including but not limited to the prior criminal record of the defendant...any
other evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act.

 

Appellant argues that
Article 37.07, section 3(a) allows the details of unadjudicated offenses to be
admitted during punishment but that the details of adjudicated offenses are
inadmissible.  Appellant contends that,
because the prior robbery offense was adjudicated and used for enhancement, the
details of the offense were not admissible, only the fact of conviction.  

Article
37.07, section 3(a) allows the trial court to admit any matter it deems
relevant to sentencing.  Pursuant to
Article 37.07, section 3(a), the jury is allowed to hear the details of a
defendant=s criminal history when assessing
punishment.  See Davis v. State, 968
S.W.2d 368 (Tex.Cr.App.1998); Hambrick v. State, 11 S.W.3d 241 (Tex.App. ‑
Texarkana 1999, no pet=n).  The trial court did not err in allowing
Berry to testify about the details of appellant=s prior conviction for robbery. 


 

 

 

 








The
judgments of the trial court are affirmed.

 

PER
CURIAM

 

May 9, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.