

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00102-CR

_____

GERALD MILLARD MARSH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 37597-B

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Gerald Millard Marsh appeals his conviction for aggravated assault with a deadly weapon, sentence of fifteen years' imprisonment, and fine of $10,000.00 on the sole ground that the trial court erred in denying Marsh the right to utilize Marcus Smith's juvenile record to establish a theory of self-defense. We affirm the trial court's judgment.

The following facts are not in dispute. Marcus Smith's sister Felicia Smith stayed with Marsh in his home. During the night, Marcus and his friend Keith Bates paid a visit to Felicia to "[s]ee if she wanted to come drink with us." Marsh answered the knocking at the door and announced that he did not want Marcus in his home and desired that he leave. As a result of an altercation, Felicia, Marcus, and Bates were located on the front yard. Marcus retrieved a gun from within the home and fired several shots through the open front door. Felicia was shot and killed.

Marcus claimed that Marsh answered the door and stated Felicia was asleep. Marcus and Bates "got ready to leave, [and] started heading back towards the truck" when Felicia "came out." She was arguing with Marsh. Marcus testified, "I seen him hit her and knock her off the porch. . . . I . . . walked towards her. She was on the ground. And [Marsh] went inside, [to] get his gun. And then when I see him come back, I got up and ran beside Keith Bates' truck and ducked down." According to Marcus, Marsh appeared "aggressive, [and] mean," and said, "he

2

was tired of us, he was going to kill everybody" as he opened fire. Marcus testified that he was not carrying a weapon that night.

Marsh testified he was awakened by a "beating on the door." He opened the door to find Marcus and Bates, who "had a can of beer in his hand." Thinking "this was nothing but trouble," he announced, "You-all are not coming in my house." According to Marsh, Marcus started "yelling and screaming," "grab[bed] the door," "knock[ed]" him back, and "started swinging at [him] like he was crazy." Marsh claimed he fought back and "hit [Marcus] right on the right side of his head," but "[i]t was just a glancing blow." Marsh claimed that when Felicia witnessed Marcus get hit, "[s]he said, 'You don't hit my brother.' And she hauls off and, 'bam,' hit [Marsh] on the side of [his] head." Marsh continued to describe a brawl in which Marcus and Felicia simultaneously attacked him in his home. He managed to get Felicia and Marcus on the front yard, and ran inside to get his gun. Marsh claimed, "[W]hen I ran back, I saw them -- they looked like they were arguing over something. I don't know what it was. All I remember, I saw a silver -- a little silver thing . . . and in my panic and shock that I was in, I assumed this was a small caliber weapon." After retrieving the gun, Marsh "told them, you know, 'Get out of my yard, get off my property,'" before firing "warning shot[s]." Marsh claimed, "I tried to shoot over their heads, and that's what -- what I was doing."

A trial court's decision to admit or exclude evidence is reviewed only for abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*,

3

70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A trial court does not abuse its discretion if the decision to admit evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379.

Marsh was charged with intentionally and knowingly threatening Marcus with imminent bodily injury "by pointing a firearm in the direction of Marcus Smith, and . . . us[ing] or exhibit[ing] a deadly weapon, to-wit: a firearm, during the commission of said assault." Rule 404(a)(2) of the Texas Rules of Evidence allows admission of "evidence of a pertinent character trait of the victim of the crime offered by an accused." TEX. R. EVID. 404(a)(2). Rule 405 provides that "[i]n cases in which a person's character or character trait is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct." TEX. R. EVID. 405(b). Because Marsh asserted a self-defense claim, testifying that Marcus assaulted him after he was asked to leave, Marsh wanted to introduce a juvenile adjudication on Marcus' record for attempted capital murder during his direct testimony. The purpose for introduction of the records was to establish that his fear of Marcus was reasonable.

4

However, there was no testimony or argument presented that Marsh was, in fact, fearful of Marcus on the basis of attempted capital murder which occurred over sixteen years ago. Nevertheless, Marsh complains that the trial court's ruling "denying the defendant the right to cross examine Marcus Smith about his juvenile adjudication for attempted capital murder in light of defendant's claim of self-defense" was in error.[1]  To support his analysis, Marsh cites to Rule 404.  Yet, in accordance with Rule 404, the trial court allowed Marsh to testify to Marcus' character through opinion and reputation testimony, but instructed Marsh not to address the juvenile adjudication and underlying facts of the attempted capital murder.  Our review of Marsh's briefing reveals no complaint addressing Rule 405.

Juvenile adjudications are generally not admissible in criminal cases unless the evidence is required to be admitted by the Constitutions of the United States or Texas.  TEX. R. EVID. 609(d). Marsh now argues that excluding evidence of Marcus' juvenile adjudication restricted his ability to attack Marcus' credibility thereby denying him his constitutional right of confrontation and cross-examination.  *Davis v. Alaska*, 415 U.S. 308 (1974).  But at the trial court, the only basis presented for admitting Marcus' juvenile record was to establish the reasonableness of Marsh's fear of Marcus in support of his claim of self-defense or his claim that Marcus was the aggressor. The trial court was never presented with an argument that Marsh's constitutional right of confrontation was violated and, therefore, it never had an opportunity to rule on that issue.

---

[1]Marsh did not attempt to cross-examine Marcus about his juvenile record as suggested by the point of error.  Prior to Marcus' examination, Marsh entered into an agreement with the State that he would not mention the juvenile adjudication.

Failure to present the very complaint that is made on appeal waives or forfeits the issue. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). In any event, under an abuse of discretion review, we will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See id.* In instructing Marsh not to testify about the juvenile adjudication, the trial court stated:

> The Court finds that even if that evidence is probative, the danger of unfair prejudice substantially outweighs any probative value. Further, the Court finds that those specific instances of conduct would be introduced merely just to show conformity with character and do not go to the issue at hand.

Thus, it appears the trial court's ruling was also based on application of Rule 403.[2] The court felt that even if the specific instance of conduct, an attempted capital murder which occurred over sixteen years ago, had some probative value on the issue of self-defense, the probative value was substantially outweighed by the danger of unfair prejudice. Our review of Marsh's brief reveals that there is no challenge to the trial court's Rule 403 ruling. Failure to challenge this independent ground for exclusion of the evidence would allow us to uphold the trial court's ruling. *Dinger v. State*, No. 12-06-000190-CR, 2007 WL 2257936, at *2 (Tex. App.—Tyler Aug. 8, 2007, pet. ref'd) (mem. op., not designated for publication); *Whitehorn v. State*, No. 10-02-00263-CR 2004, Tex. App. LEXIS 6373, at *4–5 (Tex. App.—Waco July 14, 2004, pet. ref'd) (mem. op., not

---

[2]"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." TEX. R. EVID. 403.

designated for publication) ("Appellant does not address the State's independent Rule 403 objection, and we may overrule his issue for that reason alone.").[3]

Rather than attacking the trial court's ruling that the evidence was barred by Rule 403, Marsh argues the trial court erred in excluding the evidence because Marsh "sought to demonstrate his right of self-defense" which would demonstrate a "reasonable fear of Marcus . . . ." The evidence would have had "an effect on a jury" and the violation of Marsh's right of cross-examination is a constitutional error that requires reversal. None of these arguments contend that the trial court erred in explicitly finding that even if the evidence was relevant, it should be excluded because the danger of unfair prejudice substantially outweighed its probative value. Therefore, we overrule Marsh's sole point of error.

We affirm the trial court's ruling.


Jack Carter
Justice

Date Submitted:    May 23, 2011
Date Decided:      June 10, 2011

Publish

---

[3]Even though these unpublished opinions have no precedential value, we believe the rationale and reasoning employed is sound.

7