

In The
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00268-CR
_____

KIRK DOUGLAS BOLTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 15,912

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

John Beasley, a narcotics investigator with the Upshur County Sheriff's Office, suspected Kirk Douglas Bolton of selling cocaine, so he engaged the services of Jason Curtiss to act as a confidential informant for the police and, acting in that capacity, to purchase cocaine from Bolton at the Hidden Bend Apartment complex where both Curtiss and Bolton lived. In this sting operation, Beasley provided Curtiss with marked money for the purchase and equipped Curtiss with a hidden audio/video recording device.

Beasley observed as Curtiss walked to the apartment complex and entered his own apartment. Curtiss called Bolton from that apartment and told Bolton the quantity of cocaine he wished to purchase; he then went to Bolton's apartment and gave Bolton $100.00 and returned to his own apartment. Shortly thereafter, Bolton walked to Curtiss' apartment and, according to Curtiss, gave Curtiss a baggie containing crack cocaine.

Bolton was indicted for delivery of less than one gram of cocaine within a drug-free zone[1] and was found guilty by a jury. During the punishment phase of the trial, Bolton pled "true" to the two prior and sequential felony enhancement convictions, and the jury assessed his punishment at life in prison.[2]

On appeal, Bolton argues that: (1) there is insufficient evidence that corroborates the testimony of Curtiss, the confidential informant; (2) the evidence is legally generally insufficient to support the jury's verdict of guilty; (3) there is insufficient evidence because the indictment

---

[1]There is no dispute that the alleged offense occurred within 1,000 feet of a drug-free zone.

[2]The punishment range was enhanced to twenty-five years to ninety-nine years or life due to two prior and sequential felony convictions.

was never properly amended to allege delivery of cocaine (to correct the original wording in the indictment, which accused Bolton of delivering methamphetamine); (4) the trial court erred by permitting an alternate juror to be present with the twelve jurors during deliberations; and (5) the trial court erred by limiting Bolton's cross-examination of the confidential informant.

We affirm the trial court's judgment because: (1) sufficient circumstantial evidence corroborates the testimony of the confidential informant; (2) there is sufficient evidence supporting the jury's verdict; (3) the record contains a properly amended indictment; (4) Bolton failed to preserve any error regarding the alternate juror's presence during the jury's deliberations; and (5) the trial court was within its discretion to limit the cross-examination of Curtiss in the areas about which complaint was made.

*Sufficiency Corroboration of Confidential Informant Testimony*

In his first point of error, Bolton contends that there is insufficient evidence corroborating the testimony of Curtiss, the confidential informant.

Very much like the rule concerning the need for corroboration of an accomplice witness' testimony, Article 38.141 of the Texas Code of Criminal Procedure provides:

> (a)    A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.
>
> (b)    Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.141(a), (b) (West 2005).

3

Legal and factual sufficiency standards of review are not applicable to a review of covert witness testimony under Article 38.141 of the Texas Code of Criminal Procedure, because corroboration of such testimony is a statutory requirement imposed by the Texas Legislature. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141; *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (holding standard for evaluating sufficiency of evidence for corroboration under accomplice-witness rule applies when evaluating sufficiency of evidence for corroboration under covert-agent rule); *Brown v. State*, 159 S.W.3d 703, 707 (Tex. App.—Texarkana 2004, pet. ref'd). Thus, a challenge of insufficient corroboration is not the same as a challenge of insufficient evidence to support the verdict as a whole. *Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999). Accordingly, we must exclude the testimony of the covert witness from consideration when weighing the sufficiency of corroborating evidence under Article 38.141(a) of the Texas Code of Criminal Procedure and examine the remaining evidence to determine whether this evidence tends to connect the defendant to the commission of the offense. *Malone*, 253 S.W.3d at 258. The tends-to-connect standard does not present a high threshold. *See Cantelon v. State*, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no pet.).

In determining the quantum of evidence required to corroborate covert-agent testimony, each case must be judged on its own facts, and even insignificant circumstances may satisfy the test. *Id*. Evidence is insufficient to corroborate covert-agent testimony if it shows merely that the defendant was present during the commission of the offense. *McAfee v. State*, 204 S.W.3d 868, 872 (Tex. App.—Corpus Christi 2006, pet. ref'd). Although evidence tending to connect a defendant to an offense may not be sufficient for a conviction, it need not rise to such a high

threshold for purposes of corroboration. *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). With these precepts in mind, we shall examine the evidence presented here to determine if it tends to connect Bolton with the offense alleged to have been committed.

If one ignores or excludes the testimony of Curtiss, the following evidence remains: (1) Curtiss was a willing and cooperative informant acting at Beasley's direction; (2) Beasley testified that he searched Curtiss at random times, and though he did not recall whether he was searched immediately before the transaction as alleged, he was certain that he was searched afterward; (3) Beasley provided Curtiss with $100.00 to purchase crack cocaine; (4) Curtiss went to Bolton's apartment and asked Bolton if he had "a hundred piece" (i.e., $100.00 worth of crack cocaine), and Bolton said "probably so"[3]; (5) after Curtiss returned to his own apartment, Bolton entered Curtiss' apartment and then left shortly thereafter; (6) Curtiss left his apartment, walked to a convenience store, and then left, got into Beasley's truck, and handed Beasley and his partner, Wayde Davis, a package containing rocks of crack cocaine.

Bolton points out that the video recording fails to show the delivery of drugs, the exchange of money from person to person, or a transaction of money for drugs. None of the marked money Beasley provided to Curtiss was recovered from Bolton.[4] Beasley's police report does not mention whether he searched Curtiss immediately prior to the transaction and, upon testifying, he could not verify that he had done so. Beasley testified that Curtiss was a user of illicit drugs, that users often keep drugs inside their apartments, and that prior to handing the

---

[3]These comments were both preserved in the audio recording and overheard by Beasley via remote transmission as it was taking place.

[4]Bolton was not arrested immediately after the transaction, but several days later.

5

drugs over to Beasley, Curtiss had gone to his own apartment (once before the transaction and once after it).

Although Bolton is correct in pointing out that the video portion of the recording fails to show drugs, money, or an exchange of money for drugs and that the record does not show that Curtiss or his apartment were searched immediately before the transaction, these facts do not carry the day to negate the State's case. Long-standing Texas law holds that the tends-to-connect standard, which applies here, does not present a high threshold. *Cantelon*, 85 S.W.3d at 461. As the Texas Court of Criminal Appeals has indicated, in order to corroborate confidential-informant testimony, "All the law requires is that there be some [noncovert] evidence which tends to connect the accused to the commission of the offense." *Hernandez v. State*, 939 S.W.2d 173, 178–79 (Tex. Crim. App. 1997).

Here, there is direct testimony from a law enforcement agent (Beasley) that tended to connect Bolton to participation in this transaction—a transaction that had been orchestrated and monitored by local law enforcement as it occurred. Beasley identified Bolton and his testimony placed him at the scene of the alleged transaction. Prior to the transaction, Curtiss was given money with the instructions that the money was to be used to purchase drugs; after the transaction, Curtiss had the drugs and not the money. The jury was presented this sequence of events through Beasley's testimony. While these circumstances (taken alone, in the absence of each other) might not be sufficient to corroborate Curtiss' testimony, taken together, rational jurors could conclude that this evidence sufficiently tended to connect Bolton to the offense. *See id.* Therefore, we overrule this point of error.

*Question of Legal Sufficiency*

In his second point of error, Bolton argues that the evidence supporting his conviction is insufficient.

In evaluating legal sufficiency, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of delivery of less than one gram of cocaine beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. Here, Bolton committed the offense of delivery of a controlled substance listed in

7

penalty group one if he knowingly delivered less than one gram of cocaine.[5] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (West 2010).

Bolton argues that the quality of the evidence is "generally insufficient." He contends that the quality of the evidnce against him is low because the video recording fails to show drugs, money, or the delivery of anything. While Curtiss testified that Bolton sold him the drugs, Bolton points out that Curtiss' testimony was self-serving because he participated in the alleged transaction both to "help his wife's criminal problems" and because he was paid for his actions.

Bolton's complaints delve into the purview of the jury as the sole finder of fact. The jury was free to believe Curtiss' testimony that he had purchased the crack cocaine from Bolton and it was permitted to disregard both defense theories to the contrary and the potential effect of Curtiss' self-serving motivations. Looking at the evidence in a light most favorable to the verdict, we find in this record legally sufficient evidence for a rational jury to draw an inference beyond a reasonable doubt that Bolton delivered less than a gram of cocaine. Therefore, we overrule this point of error.

*Amendment of the Indictment*

Here, the indictment, as originally drafted, alleged that Bolton was guilty of the delivery of methamphetamine, not cocaine. It is undisputed that there is no evidence regarding methamphetamine in this case. In his third point of error, Bolton contends that there is no amended indictment in the record and that, therefore, the indictment was not properly amended

---

[5]The State also alleged that Bolton committed the offense within 1,000 feet of a school. Bolton does not contest this element of the alleged offense; therefore, we do not address it.

8

to allege delivery of cocaine, resulting in the evidence being at fatal variance with the allegations of the indictment.

It is undisputed that: (1) the original indictment alleged delivery of methamphetamine and there is no evidence of methamphetamine in this case; (2) on October 6, 2011, the State filed a motion to amend the indictment in order to change "methamphetamine" to "cocaine"; (3) the trial court granted the State's motion on October 7, 2011; (4) Bolton and the State discussed the amendment to the indictment just prior to the commencement of voir dire on November 14; (5) the record reflects that the trial court amended the indictment by striking the word "methamphetamine" and inserting the word "cocaine" in its stead; (6) Bolton failed to object to the State's motion to amend the indictment or to the way the indictment was amended; and (7) Bolton failed to request a continuance.[6]

An accused must be informed of the nature and cause of the accusation against him or her on the face of a charging instrument. *Voelkel v. State*, 501 S.W.2d 313, 315 (Tex. Crim. App. 1973); *see* TEX. CONST. art. I, § 10. An indictment is effectively amended when a physical change is actually made to the charging instrument. *Ward v. State*, 829 S.W.2d 787 (Tex. Crim. App. 1992). Articles 28.10 and 28.11 of the Texas Code of Criminal Procedure prescribe the means by which an indictment can be amended. TEX. CODE CRIM. PROC. ANN. arts. 28.10–.11 (West 2006). Such a change actually affects the substance of the charge against the accused. Because no breach of Article 28.10 will be tolerated, a failure to follow its required directions is

---

[6]Bolton also argues that the amendment "is a different offense." However, the amended indictment contained in the supplemental record clearly shows that the amendment is for the same offense. To the extent the amendment alleged a new offense, the issue was not preserved for our review because Bolton failed to object to the indictment or request a continuance.

not subject to a harm analysis. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997); *Brown v. State*, 828 S.W.2d 762 (Tex. Crim. App. 1991).

The court has expanded that notion to conclude that physical interlineation on the original indictment is an acceptable, though not exclusive, means of effecting an amendment to the indictment. For example, the State may proffer, for the trial court's approval, an amended version of a photocopy of the original indictment, which, if approved, should then be incorporated into the record at the direction of the court under Article 28.11 with the knowledge and affirmative assent of the defense. The photocopy then becomes the "official" indictment in the case. *Riney v. State*, 28 S.W.3d 561, 565–66 (Tex. Crim. App. 2000).

We note that the original clerk's record (which did not contain a copy of the amended indictment) was on file at the time Bolton filed his brief. After his brief was filed, a properly interlineated indictment (which alleged the delivery of cocaine and not methamphetamine), was filed as a supplemental clerk's record. The supplemented record reveals the existence of a properly amended indictment. Accordingly, we overrule this point of error.

*Alternate Juror Present With Other Jurors During Deliberations*

In his fourth point of error, Bolton contends that the trial court erred by allowing an alternate juror to be present in the jury room during the jury's deliberations.

The record reflects that prior to jury charge, the trial court instructed the alternate juror that he was going to be allowed to be present with the jury during deliberations, but admonished the alternate that "[y]ou're not allowed to participate but you observe deliberations, okay." The

10

charge was read to the jury, and the State and Bolton made their closing arguments, after which the jury and the alternate juror all then retired together for the jury's deliberations.

Article V, Section 13 of the Texas Constitution directs that juries in district courts are to contain twelve members. Alternate jurors are permitted to be selected and sworn in, but Article 33.011(b) of the Texas Code of Criminal Procedure states that an alternate juror, if not called upon to replace a regular juror, shall no longer be discharged at the time the jury retires to deliberate and shall be discharged after the jury has rendered a verdict. TEX. CODE CRIM. PROC. ANN. art. 33.011(b) (West Supp. 2012). The statute does not give direction as to the whereabouts of the alternate juror during deliberations. However, Article 36.22 of the Texas Code of Criminal Procedure states that "[n]o person shall be permitted to be with a jury while it is deliberating." TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006). When a defendant becomes aware that someone other than the twelve chosen jurors (such as an alternate juror) is present during the jury's deliberations, he must make a timely objection; should he fail to make such a timely objection, the issue is waived. *See Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010).

In this case, Bolton failed to object to the alternate juror's presence during deliberations. Therefore, under *Trinidad*, this issue was not preserved for our review.

*Limitation of Cross-Examination of the Confidential Informant*

In his fifth and final point of error, Bolton contends that the trial court erred in refusing to allow him to cross-examine the confidential informant, Curtiss, regarding what Bolton claims was his bias against Bolton. Specifically, Bolton claims that the "record reveals that the subject

11

matters of [Curtiss'] bias concerned at least a prior sex proposition between Curtiss' wife and [Bolton] and other complaints (unspecified) to or by certain parties connected to the apartment complex."

Insofar as this point of error regards the various, unspecified complaints about Curtiss from people connected to Hidden Bend Apartments, the issue was not preserved for our review. To preserve a ruling excluding evidence for appellate review, the record must contain an offer of proof.[7] *See* TEX. R. EVID. 103; TEX. R. APP. P. 33.1(a); *Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993); *Hambrick v. State*, 11 S.W.3d 241, 243 (Tex. App.—Texarkana 1999, no pet.). If an offer of proof is made in the form of a concise statement, the concise statement must include a reasonably specific summary of the proposed testimony. *Love*, 861 S.W.2d at 901; *Harty v. State*, 229 S.W.3d 849, 854 (Tex. App.—Texarkana 2007, pet. ref'd).

We are not permitted to speculate as to what the apartment witnesses' complaints might have been or what would have been the content of their testimony and then find error based on said speculation. No error in limiting the cross-examination of Curtiss regarding the unspecified complaints has been preserved for appellate review.

Insofar as this point of error relates to the alleged "prior sex proposition" between Bolton and Curtiss' wife, the following exchange between Bolton's counsel and Curtiss took place on voir dire examination, outside the presence of the jury:

---

[7]An exception may exist if the substance of the evidence is apparent from the context. *See* TEX. R. EVID. 103; *Duke v. State*, 365 S.W.3d 722, 725 n.3 (Tex. App.—Texarkana 2012, pet. ref'd). Bolton does not argue the substance is apparent from the context.

Q. Okay. Now y'all have had several transactions in the past regarding drugs; is that correct?

A. Yes, sir, I bought quite a few off of him.

Q. And have you also made transactions regarding your wife?

A. No, sir.

Q. Okay. You've never made negotiations with Mr. Bolton regarding, you know, he could be with your wife in exchange for drugs?

A. No, sir, never.

Although Bolton raises a question in this exchange concerning some allegation of a potential sexual encounter between Bolton and Curtiss' wife, Bolton failed to produce a witness who could testify to such a sexual relationship and there is otherwise no affirmative evidence of such a relationship in the record.

Cross-examination includes the opportunity to show that a witness is biased or that testimony is exaggerated, incredible, or unbelievable, but the trial court has wide latitude to impose reasonable limits on such cross-examination. *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010). Under an abuse of discretion review, we will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002); *Marsh v. State*, 343 S.W.3d 158 (Tex. App.—Texarkana 2011, pet. ref'd).

Here, the trial court excluded the testimony because it found, under Rule 403 of the Texas Rules of Evidence, that the prejudicial effect of the testimony outweighed "any relevance that the evidence might have." TEX. R. EVID. 403. We agree with the trial court's conclusion

13

because, without affirmative evidence establishing the proposed questions' probative value, the questions Bolton sought to ask would constitute nothing more that a mere a fishing expedition with a substantial prejudicial effect. As we find no abuse of discretion by the trial court in this ruling, we overrule this point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:     November 6, 2012
Date Decided:       November 14, 2012

Do Not Publish

14