**Opinion filed May 6, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00136-CR

_____

## BRENDA KAY HOLLAND A/K/A BRENDA KAY CARPENTER A/K/A BRENDA KAY GREEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR22196**

### M E M O R A N D U M   O P I N I O N

The jury convicted Brenda Kay Holland a/k/a Brenda Kay Carpenter a/k/a Brenda Kay Green of felony driving while intoxicated. The trial court assessed her punishment at confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. In one issue, Appellant asserts that the trial court erred when it did not allow Appellant's daughter to testify about Appellant's postarrest diagnosis of and treatment for diabetes. We affirm.

*Background Facts*

On July 19, 2012, Officer Amanda Benson of the Early Police Department observed Appellant driving the wrong way on a divided highway. Upon stopping Appellant, Officer Benson observed that Appellant was barefoot and had a hard time holding herself upright while attempting to walk toward Officer Benson's patrol car. Officer Benson testified that Appellant was unsteady on her feet and had very slurred speech. Appellant failed a field sobriety test administered by Officer Benson, at which point Officer Benson arrested Appellant for driving while intoxicated. Appellant subsequently consented to a blood draw. The analysis of the blood specimen drawn from Appellant showed that her blood alcohol concentration was 0.198 grams of alcohol per 100 milliliters of blood.

Appellant called her daughter, Mary Kay Downing, as a defense witness. Downing testified that Appellant would sometimes appear to act like someone who was intoxicated when she spent too much time outside in the heat and became dehydrated. On multiple occasions, however, the trial court sustained the State's objections to Downing's attempts to testify about Appellant's postarrest diagnosis of diabetes and to Downing's attempts to testify that diabetes may have made Appellant appear to be intoxicated when she was arrested.

*Analysis*

In her sole issue, Appellant asserts that the trial court erred when it refused to allow Downing to present evidence of Appellant's postarrest diagnosis of and treatment for diabetes and how the symptoms of diabetes may have made Appellant appear intoxicated on the date of her arrest. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). If the trial court's evidentiary ruling is correct on

any theory of law applicable to that ruling, it will not be disturbed on appeal even if the trial judge gave the wrong reason for his right ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

We note at the outset that Downing testified that Appellant was "pre-diabetic." She also testified that, on several occasions prior to Appellant's arrest, "[Appellant] would just be knocked out like she was just -- like she was drunk." Downing testified that Appellant had problems with walking and balance. She also testified that, "[w]hen [Appellant] works in heat and gets real exhausted, she gets slurred speech. It's almost -- it almost sounds like she is going to have a stroke." Downing stated that Appellant had occasions when she suffered dehydration and that "[s]he seemed like she was drunk to me" on those occasions.

The State made a relevancy objection when Downing attempted to testify that Appellant had been diagnosed with diabetes after her arrest. The trial court asked defense counsel if he had "some medical testimony [he was] going to offer that [would] show she had diabetes on the date in question." When defense counsel answered "no," the trial court ruled that it would sustain the State's objection. The trial court sustained additional objections made by the State to Downing's attempt to testify about Appellant's medical diagnosis. As previously noted, the trial court permitted Downing to testify about her observations of Appellant's physical condition at various times. Thus, Appellant's postarrest diagnosis of diabetes is the only matter that the trial court precluded Downing from testifying about.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Relevant evidence is generally admissible while irrelevant evidence is inadmissible. TEX. R. EVID. 402. When determining whether evidence is relevant, courts must examine the purpose for which the evidence is being introduced. *Layton v. State*, 280 S.W.3d 235, 240

3

(Tex. Crim. App. 2009). It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved. *Id.* Defense counsel informed the trial court that he wanted to introduce evidence of Appellant's postarrest diagnosis of diabetes through Downing to show the condition that Appellant was in at the time of Appellant's arrest.

The Fourteenth Court of Appeals addressed a similar situation in *Sneed v. State*, 955 S.W.2d 451 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). The DWI defendant in *Sneed* sought to offer postarrest medical records to show that he suffered from a head injury at the time of his arrest for DWI. 955 S.W.2d at 455. The court determined that the defendant's postarrest medical records were not relevant to proving that he was suffering from the head injury or taking medication for it *at the time he was arrested*. *Id.* The rationale in *Sneed* is applicable to the facts in this case. We conclude that the trial court did not abuse its discretion in determining that Appellant's postarrest diagnosis of diabetes was not relevant to show that she was suffering from the effects of diabetes at the time of her arrest.

Furthermore, there was an additional basis that the trial court relied upon in sustaining the State's objection to Downing's testimony about medical matters. The trial court determined that Downing did not have the requisite medical expertise to testify that Appellant was suffering from diabetes at the time of her arrest. This ruling by the trial court served as another basis for excluding Downing's testimony about Appellant's medical condition. Appellant has not challenged the trial court's ruling on this basis. Appellant's failure to challenge this independent ground relied upon by the trial court for the exclusion of the evidence results in waiver. *See Marsh v. State*, 343 S.W.3d 158, 161–62 (Tex. App.—Texarkana 2011, pet. ref'd). Moreover, we have noted that the trial court permitted Downing to testify that Appellant was "pre-diabetic" at the time of her arrest and to testify extensively about the possibility that Appellant's condition at the time of arrest was attributable to her

physical problems. Accordingly, we conclude that any error in precluding Downing from testifying that Appellant was diagnosed as being diabetic after her arrest was harmless. *See* TEX. R. APP. P. 44.2(b).[1] We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


May 6, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]Appellant contends that the trial court's exclusion of evidence amounted to a constitutional violation and that TEX. R. APP. P. 44.2(a) sets out the applicable harm analysis. We disagree. The Texas Court of Criminal Appeals has provided that "the exclusion of a defendant's evidence will be constitutional error only if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002). Downing testified extensively about other factors that made Appellant appear to be intoxicated when she was sober, such as Appellant's poor balance and slurred speech, and about how she is violent when she is intoxicated and listless when she is merely dehydrated. Accordingly, Appellant was not precluded from presenting her defense.